Filed 12/6/24  P. v. Murray CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C101023 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F2699) |
| v. | |
| GERALD WILLIAM MURRAY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gerald William Murray asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

### FACTS AND HISTORY OF THE PROCEEDINGS

The information charged defendant with attempted murder, assault with a deadly weapon, driving under the influence causing injury, driving under the influence, and hit and run causing injury.  (Pen. Code, §§ 664/187, subd. (a), 245, subd. (a)(1); Veh. Code, §§ 23153, subds. (a) & (b), 20001, subd. (a)(1).)  (Statutory section citations that follow

1

are found in the Penal Code unless otherwise stated.) It also alleged several circumstances in aggravation and various enhancements including, as relevant here, that defendant inflicted great bodily injury on his victim. (§ 12022.7, subd. (a).)

While the victim was riding his motorcycle, he came up behind defendant driving his car slowly and erratically, cutting corners, and using the entire road. The victim passed the defendant when it was safe to do so and without interacting with defendant. Shortly thereafter the victim felt the impact of defendant's car on the back of his motorcycle twice. These impacts caused the victim to lose control and crash into a tree. Defendant drove away. The victim was able to crawl to his mobile phone and call 911. The victim sustained a lacerated liver, internal bleeding, and a possible broken arm.

Officers located defendant at his home where defendant smelled of alcohol. Defendant claimed when the motorcycle passed him, he clipped it. He did not stop to check on the victim. He claimed he was not at fault and thus had no responsibility to remain on scene or render aid. Defendant told officers he had consumed four beers and some whiskey.

Defendant executed a change of plea form stating he would plead guilty to attempted murder and hit and run with injuries and admit he caused great bodily injury. (§§ 664/187, subd. (a), 12022.7, subd. (a); Veh. Code, § 20001, subd. (a)(1).) In exchange, defendant would be granted probation for three years on the condition he spend 240 days in county jail. The remainder of the counts would be dismissed.

Defendant pleaded guilty and made the requisite admission. The trial court dismissed the remaining counts.

At sentencing, however, after reciting the terms of the plea agreement, the trial court declined to approve the plea agreement and allowed defendant to withdraw his plea. After defendant's request to withdraw his plea, the court reinstated the dismissed charges.

Defendant executed a second change of plea form where he agreed to plead no contest to assault with a deadly weapon and driving under the influence causing injury

2

and admit he caused great bodily injury. (§§ 245, subd. (a)(1), 12022.7, subd. (a); Veh. Code, § 23153, subd. (a).) In exchange for this plea, defendant agreed the lowest sentence he could receive would be a grant of probation and the maximum term he could receive was seven years eight months in state prison.

Defendant pleaded no contest to the charges and admitted the enhancement. The trial court dismissed the remaining counts.

At sentencing, defendant asked the trial court to strike the enhancement under section 1385, subdivision (c). The trial court acknowledged it had that discretion but declined to exercise it.

The trial court sentenced defendant to the middle term of three years in state prison for the assault with a deadly weapon conviction plus a consecutive three-year term for the great bodily injury enhancement. (§§ 245, subd. (a), 12022.7, subd. (a).) The trial court imposed the middle term of two years in state prison for the driving under the influence conviction but stayed that sentence pursuant to section 654. (Veh. Code, § 23153, subd. (a).)

The trial court imposed a $300 restitution fine (§ 1202.4) and an equal parole revocation fine (§ 1202.45). The trial court also ordered restitution in the amount of $119,234.81 (for lost wages and medical expenses as disclosed in the probation reports) and reserved jurisdiction over a restitution hearing.

Defendant filed a timely notice of appeal and did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the

opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____
HULL, Acting P. J.

We concur:


_____
MAURO, J.


_____
BOULWARE EURIE, J.

4